UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRAIG CALDWELL,

    Plaintiff,

v.                                                                    CASE NO. 8:11-cv-841-T-23AEP

BERNIE McCABE, State Attorney for
the Sixth Judicial Circuit Court of Florida,

    Defendant.

_____/

## O R D E R

Caldwell pleaded guilty to first degree murder and serves life imprisonment. Caldwell's civil rights complaint, filed under 42 U.S.C. § 1983, seeks to require McCabe, the State Attorney for the Sixth Judicial Circuit Court for Florida, to conduct DNA testing on crime scene evidence, specifically his co-defendant's tennis shoes and the string utilized to strangle the victim. An earlier motion to dismiss (Doc. 15) was denied without prejudice (Doc. 21) because the motion failed to address both Supreme Court and circuit court decisions that control this action. McCabe again moves to dismiss (Doc. 29) the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure. Notwithstanding Caldwell's opposition (Doc. 30), the motion to dismiss warrants granting.

In 1988 Caldwell pleaded guilty to assisting in a murder and in 1989 he was sentenced to life imprisonment. The conviction and sentence were affirmed on direct appeal. *Caldwell v. State*, 561 So. 2d 1153 (Fla. Dist. Ct. App. 1990). Caldwell was unsuccessful in challenging his conviction and sentence both in a state motion for post-conviction relief and in a federal petition for the writ of habeas corpus. *Caldwell v. Sec'y, Dep't of Corr.*, 8:94-cv-317-T-25TGW. Approximately fifteen years later Caldwell unsuccessfully moved for DNA testing under Rule 3.853, Florida Rules of Criminal Procedure.

In this federal civil rights action Caldwell challenges the constitutionality of Rule 3.853 and Section 925.11, Florida Statutes. In his amended complaint (Doc. 13 at 3) Caldwell contends that he "is being denied Due Process by having to prove his innocence to receive DNA testing where he pleaded guilty . . . but the pleading standard(s) are constitutionally flawed under § 925.111, Florida Statutes, Fla. R. Crim. P. 3.853, and case law decisions construing the statute and rule in light of guilty pleas." Similarly, in opposing the motion to dismiss (Doc. 30 at 3) Caldwell contends that Florida's statute and rule "offends the due process clauses contained in the federal constitution in relation to the pleading standard to petition for DNA testing in Florida state courts for criminal defendants who pleaded guilty or *nolo contendere*."

In opposing the motion to dismiss Caldwell clarifies that he asserts no substantive due process right to DNA testing (Doc. 30 at 4), a claim that would fail.

*See District Attorney's Office for the Third Judicial District v. Osborne*, 557 U.S. 52 (2009) ("[T]here is no . . . substantive due process right" to DNA testing.); *Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 1299 (2011) ("*Osborne* has rejected substantive due process as a basis for [DNA testing] claims."); *Alvarez v. Att'y Gen.*, 679 F.3d 1257, 1261 (11th Cir. 2012) (*citing Osborne* and *Skinner*). Caldwell also clarifies that he seeks no review of the state court's rejection of his motion for DNA testing, another claim that would fail. *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) ("The *Rooker–Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 1297 (2011) ("We held, in both [*Rooker* and *Feldman*], that the District Courts lacked subject-matter jurisdiction over such claims, for 28 U.S.C. § 1257 'vests authority to review a state court's judgment solely in this Court.'").

In Florida a defendant is not unduly restricted from testing DNA material long after a conviction is final. *See Alvarez v. Att'y Gen.*, 679 F.3d 1257, 1266 (11th Cir. 2012) ("Florida's procedures are in many ways more favorable to a petitioner seeking DNA access than the Alaska or federal statutes . . . ."). Section 925.11(1) allows a convicted defendant to move for an order to require testing of DNA evidence "at any time following the date that the judgment and sentence in the case becomes final."

Rule 3.853(d) also places no deadline to seek testing after a judgment and sentence become final. Additionally, a defendant who pleads either guilty or *nolo contendre* has the same rights under the statute as a defendant who unsuccessfully contested his charges. Florida law does not, however, grant unfettered access to DNA testing.[1]

Caldwell's constitutionality challenge to Rule 3.853 and Section 925.11, as explained in *Skinner*, 131 S. Ct. at 1298, is not barred by the *Rooker-Feldman* doctrine.

> Skinner does not challenge the adverse C[ourt of] Criminal] A[ppeals] decisions themselves; instead, he targets as unconstitutional the Texas statute they authoritatively construed. As the Court explained in *Feldman*, 460 U.S., at 487, 103 S. Ct.

---

[1] Rule 3.853(b) identifies six pleading requirements for obtaining DNA testing.

The motion for post-conviction DNA testing must be under oath and must include the following:

(1) a statement of the facts relied upon in support of the motion, including a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained;

(2) a statement that the evidence was not previously tested for DNA, or a statement that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would produce a definitive result establishing that the movant is not the person who committed the crime;

(3) a statement that the movant is innocent and how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA testing will mitigate the sentence received by the movant for that crime;

(4) a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received;

(5) a statement of any other facts relevant to the motion; and

(6) a certificate that a copy of the motion has been served on the prosecuting authority.

> 1303, and reiterated in *Exxon*, 544 U.S., at 286, 125 S. Ct. 1517, a
> state-court decision is not reviewable by lower federal courts, but a
> statute or rule governing the decision may be challenged in a
> federal action.  Skinner's federal case falls within the latter
> category.  There was, therefore, no lack of subject-matter
> jurisdiction over Skinner's federal suit.

Caldwell asserts a constitutional challenge to the statute and seeks no review of the state court's judgment.  As a consequence, McCabe's reliance on *Alvarez* to dismiss this action based on the *Rooker-Feldman* doctrine is misplaced because Carl Alvarez's "as-applied procedural due process claim plainly and broadly attacks the state court's *application* of Florida's DNA access procedures to the facts of his case; notably, it does not challenge the constitutionality of those underlying procedures."  679 F.3d at 1263 (*italics original*).  Nevertheless, analysis in *Alvarez*, aside from the *Rooker-Feldman* doctrine, disposes of Caldwell's claims.

In rejecting Carl Alvarez's alternative claim that Rule 3.853 violates due process, *Alvarez* finds that "Florida's post-conviction DNA access procedures plainly do not offend any principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, nor do they transgress any recognized principle of fundamental fairness in operation."  679 F.3d at 1266.  The full analysis, which is directly applicable to Caldwell's claim of facial unconstitutionality, is as follows (679 F.3d at 1266) (*italics original*):

> Florida's procedures are in many ways more favorable to a
> petitioner seeking DNA access than the Alaska or federal statutes,
> *see generally* Alaska Stat. § 12.72.010 *et seq.;* 18 U.S.C. § 3600—both
> of which the Supreme Court endorsed in *Osborne. Osborne,* 129 S.
> Ct. at 2316–17 (noting that "the federal statute is a model for how

States ought to handle the issue" of post-conviction DNA testing); *id.* at 2320 (holding that there was "nothing inadequate about the procedures Alaska has provided to vindicate its state right to post-conviction relief in general, and nothing inadequate about how those procedures apply to those who seek access to DNA evidence"); *see also Cunningham,* 592 F.3d at 1263 ("*Osborne . . .* invites . . . a comparative approach, describing key elements of Alaska's process as both 'similar' to other state and federal statutes and also 'not inconsistent' with fundamental fairness.").

Thus, for example, unlike the Alaska and federal statutes at issue in *Osborne,* Florida's procedures explicitly provide for the possibility of a hearing on a motion to obtain DNA testing. Fla. R. Crim. P. 3.853(c)(3) ("Upon receipt of the response of the prosecuting authority, the court shall review the response and enter an order on the merits of the motion or set the motion for hearing."). Also unlike the Alaska and federal statutes, Florida explicitly provides for the right to appeal an adverse decision on the motion, Fla. R. Crim. P. 3.853(f), as well as the possibility of a rehearing in the trial court, Fla. R. Crim. P. 3.853(e). In addition, unlike the federal statute, Rule 3.853 does not require that the applicant's identity be a disputed issue at trial, allowing instead for the additional possibility that the DNA evidence will only mitigate his sentence. Rule 3.853 requires that the motion contain *either* "a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue *or* an explanation of how the DNA evidence would *either* exonerate the defendant *or* mitigate the sentence that the movant received." Fla. R. Crim. P. 3.853(b)(4) (*emphases added*). The federal statute, however, is not phrased in the disjunctive but rather definitively requires the court to find that, "[i]f the applicant was convicted following a trial, the identity of the perpetrator was at issue in the trial." 18 U.S.C. § 3600(a)(7). Also unlike the federal statute, Rule 3.853 sets a definitive limit on the time period within which the government must respond to a motion seeking post-conviction DNA testing. Rule 3.853 provides that, if the court finds the motion to be facially sufficient, "the prosecuting authority shall be ordered to respond to the motion within 30 days or such other time as may be ordered by the court." Fla. R. Crim. P. 3.853(c)(2). The federal statute, on the other hand, more vaguely provides that, upon receipt of the applicant's motion, the court shall "allow the Government a reasonable time period to respond to the motion." 18 U.S.C. § 3600(b)(1)(B). Finally, unlike the federal statute, Rule 3.853 places no time limit on when a motion for post-conviction DNA testing can be filed.

Specifically, Rule 3.853 provides that "[t]he motion for post-conviction DNA testing may be filed or considered at *any time* following the date that the judgment and sentence in the case becomes final." Fla. R. Crim. P. 3.853(d) (*emphasis added*). The federal statute, on the other hand, does not set a firm deadline but requires that the motion for post-conviction DNA testing be made in a "timely fashion." 18 U.S.C. § 3600(a)(10).

In other respects, Florida's procedures mirror the federal statute in the protections afforded applicants. Both provide, for example, that the government must bear the costs of DNA testing if the applicant is indigent. 18 U.S.C. § 3600(c)(3)(B); Fla. R. Crim. P. 3.853(c)(6). Similarly, both provide that a court may appoint counsel to represent an indigent applicant. 18 U.S.C. § 3600(b)(3); Fla. R. Crim. P. 3.853(c)(4). And like the federal statute, Rule 3.853 places limits on who can conduct the actual DNA testing in order to ensure the reliability of the process and the results. Specifically, Rule 3.853 provides that the DNA testing must be conducted by the Florida Department of Law Enforcement or its designee. Fla. R. Crim. P. 3.853(c)(7). Upon a showing of good cause, however, the court may order that the testing be done by another certified laboratory or agency, if requested by a movant who can bear the cost of such testing. *Id.* The federal statute similarly provides that the DNA testing must be carried out by the Federal Bureau of Investigation. 18 U.S.C. § 3600(c)(1). If, however, "the court makes all the necessary orders to ensure the integrity of the specific evidence and the reliability of the testing process and test results," "the court may order DNA testing by another qualified laboratory." *Id.* § 3600(c)(2).

In short, inasmuch as Florida's post-conviction DNA access procedures either mirror or are more applicant-friendly than the Alaska and federal statutes endorsed in *Osborne,* Florida's post-conviction DNA access procedures plainly do not offend any principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental, nor do they transgress any recognized principle of fundamental fairness in operation. *See Osborne,* 129 S. Ct. at 2320; *cf. Cunningham,* 592 F.3d at 1263 ("Alabama's procedures pass [constitutional] muster if they compare favorably with Alaska's.").

Caldwell unsuccessfully petitioned for DNA testing under Rule 3.853 and

identified a co-defendant's tennis shoes and the string utilized to strangle the victim

as the items he wanted tested.  Caldwell never identifies how the DNA testing would exonerate him of either the crime or mitigate his sentence.  As a consequence, Caldwell shows no due process violation because he fails to show that the state is precluding his presenting an underlying constitutional claim.  *See Alarvez*, 679 F.3d at 1265-66 (*italics original*) ("Finally, Alvarez argues that the State, by denying him *access* to the physical evidence, has effectively deprived him of the opportunity to litigate his claim, in violation of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments.  . . .  Alvarez has pointed us to no underlying cause of action that he was prevented from lodging in a court of law.  . . .  Thus, he has failed to establish in support of his access to courts claim the necessary prerequisite of an 'actual injury.'").

Accordingly, the motion to dismiss (Doc. 29) is **GRANTED**.  The civil rights complaint is **DISMISSED**.  The clerk must enter a judgment for the defendants and close this case.

ORDERED in Tampa, Florida, on October 7, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE